JAMES W. COLE, Plaintiff in Error, *v.* ALEXANDER ROE, Defendant in Error.

*Limitations—Adverse Possession.*—The possession of a party entering upon land under a verbal contract with the owner for its purchase, is not an adverse or hostile possession, and although continued for ten years does not bar the title.

### *Error to Cooper Circuit Court.*

The plaintiff filed his petition in ejectment, July 10, 1865. In the year 1855, one Henry Jones made a deed to one James Cole, conveying to him the land in controversy, in trust, to secure the payment of a certain promissory note mentioned in said deed, in favor of one Ignatius Hazell. On the 10th day of April, 1865, James Cole, the trustee in said deed, sold said land, first having given the notice required by the deed of said sale, at which sale Hazell purchased the land for the sum of twenty-five dollars, and by his directions the deed was made to James W. Cole, the plaintiff. In the fall of the year 1854, Ludwell Cramer purchased from Henry Jones said land, and took possession of the same under his contract. Henry Jones afterwards died, leaving David Jones, his only son and heir, surviving him.

On the 22d day of September, 1859, Ludwell Cramer, with the consent of David Jones, sold said land to Jonathan Wilson, and Jones made a deed of the same to Wilson, and the consideration money, by agreement with Cramer, was paid to David Jones by Wilson. After Wilson made his purchase he took possession of said land, and he sold and conveyed the same to the defendant, who went into possession of the same.

*Bryant & Ferry*, and *G. T. White*, for plaintiff in error.

*Draffin, Hutchinson & Muir*, for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment. The answer denied the material facts stated in the petition, and set up the statute of limitations as a defence. There was a trial before the court sitting as a jury, and a verdict for the defendant. The trial appears to have been conducted in total disregard of legal principles on both sides. The plaintiff claimed title under a deed of trust executed by Henry Jones, dated March 8th, 1855, and by virtue of a sale and trustee's deed in pursuance thereof, made in 1865. So far as the record shows, this trustee's deed only was given in evidence by the plaintiff; and he offered no evidence to show a possession of the land in Henry Jones, or in the trustee. On the case made by the plaintiff, as it appears in the bill of exceptions, he should have been compelled to submit to non-suit, or to allow a verdict to be taken against him. But the defendant proceeded with the case, and himself offered evidence tending to show that Henry Jones had held the possession of the land, claiming to be the owner, and that one Cramer received the possession from him in 1854, some months prior to the date of the deed of trust, under a verbal contract for the purchase of the same from him; that Henry Jones died soon afterwards, without having conveyed the land to Cramer, and that his son and only heir, in 1859, under an arrangement between Cramer and one Wilson for the sale

of the land to Wilson, executed a deed conveying the same to him, and Wilson received possession from Cramer. The court instructed the jury, as upon evidence tending to show an adverse possession for more than ten years before suit. There was no evidence to furnish a basis for such instructions. The possession shown was not adverse to the title of Henry Jones, under whom the plaintiff claimed. When a party goes into possession under a verbal contract for the purchase of land, his possession is not adverse to the other party, but is held under him. There being no writing on record, such verbal contract had no validity as against a party claiming under a deed of trust, duly executed and recorded. Both parties were claiming under Henry Jones as the common grantor, and it seems to have been admitted, or taken for granted, that the plaintiff had proved a derivation of title from him. The decision of the case seems to have been made to turn upon the statute of limitations. In this situation, we see no better way, for purposes of justice, than to remand the case for a new trial.

Reversed and remanded. The other judges concur.