LONG, *Appellant*, v. THE KANSAS CITY STOCK-YARDS COMPANY.

DIVISION TWO.

1. **Vendor and Vendee**: EXECUTORY CONTRACT: ADVERSE POSSESSION. A vendee of land in possession under an executory contract of sale does not hold adversely to the vendor so long as the purchase money remains unpaid, and during that time the statute of limitations will not run in the vendee's favor.

2. ———: ———: ———: DOWER. Such possession of the vendee is, however, adverse to a claim of dower in the land made by the widow of the vendor.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*H. M. Meriwether* for appellant.

(1) The court erred in refusing declaration of law, numbered 4, asked by plaintiff, which declares that a widow's claim of dower is not barred by making her a party in specific performance proceedings against her husband or his heirs, unless dower is especially adjudicated, although she may be sued and decree be rendered against her, as well as the heirs. That is surely the law. *Grady v. McCorkle*, 57 Mo. 172; *Williams v. Courtney*, 77 Mo. 588; 2 Black on Judg., secs. 611, 617, pp. 733, 743; Freeman on Judg. [2 Ed.] secs. 303, 303*a*, pp. 328, 329. Nor is this peculiar to dower. A judgment affects only the estate or interest in issue and under consideration. (2) The court erred in refusing to give declaration, numbered 5, asked by the plaintiff, which declares that possession cannot be adverse while it is held and claimed under executory contracts of

purchase. *Mabary v. Dollarhide*, 98 Mo. 198; *Adair v. Adair*, 78 Mo. 630; *Cole v. Roe*, 39 Mo. 411; *Ash v. Holder*, 36 Mo. 163; *Fulkerson v. Brownlee*, 69 Mo. 372; *Lockwood v. Railroad*, 65 Mo. 233; *Draper v. Shoot*, 25 Mo. 197; *Bradley v. West*, 60 Mo. 41; *Pease v. Lawson*, 33 Mo. 35; Sedgwick & Wait on Trial of Title [2 Ed.] sec. 305, p. 225; secs. 729, 730, pp. 566, 568; secs. 749, 750, pp. 599, 600. The court virtually held that the intent under which a person holds is immaterial. (3) The court erred in refusing plaintiff's declaration, numbered 7. It is not easy to conceive of a more complete affirmance of a contract than a suit to have it enforced, or a more complete denial of adverse and hostile possession than a solemn declaration in such a suit that the possessor held under the contract sought to be enforced. *Tomlinson v. Lynch*, 32 Mo. 160; *Adair v. Adair*, 78 Mo. 630; *Erskine's Ex'rs v. North*, 14 Grat. (Va.) 60; Sedg. & Wait on Trial of Title [2 Ed.] p. 620. (4) The court erred in refusing plaintiff's declarations 8 and 9. The possession of defendant's grantors could not be adverse prior to the time when they got their decrees, because these decrees were for the very purpose of vesting in them the only titles they claimed. Each decree contained an admission that the party in possession did not own the lot except through his contract, which he was ready and willing to perform. In each case the decree was less than ten years prior to September 22, 1887, the date of filing appellant's suit. See authorities cited under 2, and also *Bedell v. Shaw*, 59 N. Y. 49; *Wright v. Moore*, 21 Wend. (N. Y.) 230-3. (5) The court erred in admitting parts of records in cases 8765 and 8766, Juliette Western *v.* Elgy and Lucy Western, over the objection of appellant, no connection whatever appearing between said parts of records and the case between appellant and respondent.

*Pratt, Ferry & Hagerman* for respondent.

( 1 )   The facts in this case are undisputed, and from them the court ought to decide that respondent is entitled to judgment.   The case ought to be affirmed even though the court below gave declarations of law too favorable to appellant, or erred in its declarations as given.   R. S. 1889, sec. 2303 ; *Hunter v. Trans. Co.*, 25 Mo. App. 660 ; *Burnett v. Tel. Co.*, 39 Mo. App. 599 ; *Walsh v. Co.*, 101 Mo. 534.   ( 2 )   Upon the facts of this case appellant's right of action is barred by limitation. *First.*   Her right of entry, if dower was admeasured, accrued at the date of the partition decree, May 21, 1873, and she did not enter within ten years.   R. S. 1889, sec. 6765 ; *Robinson v. Ware*, 94 Mo. 678.   *Second.* The possession by the heirs was not for her prior to the assignment of dower.   *McClanahan v. Porter*, 10 Mo. 746.   *Third.*   After assignment, she did not hold under the heirs, but by law from her husband, so that if the vendees held for the heirs they were not holding for her.   Hence she has never entered.   *Wells v. Moore*, 16 Mo. 478, 481 ;   2 Scribner on Dower [2 Ed.] 772 ; 1 Washburn, Real Prop. [5 Ed.] 317.   *Fourth.*   But if the vendee held for her prior to the assignment of dower, from the time of assignment the relation ceased. *Peck v. Lockridge*, 97 Mo. 549, 560.   *Fifth.*   While a vendee holds in subordination to the vendor, he holds adversely to every other interest.   Wood on Limitation, sec. 260 ; 1 Amer. & Eng. Enc. Law, 232 ; *Elliott v. Mitchell*, 47 Tex. 450; *Hart v. Bostwick*, 14 Fla. 162, 179; *Coogler v. Roger*, 7 S. Rep. (Fla.) 391.   ( 3 )   Adverse possession existed as to lots 10 and 11, block 9, according to appellant's own theory, because specific performance suits were instituted more than ten years prior to this suit in which the balance of the purchase price was tendered, leaving nothing to be done except a transfer of the legal title.   Under such circumstances, adverse possession exists.   *Ridgeway v. Holliday*, 59 Mo. 444 ;

*Clore v. Graham*, 64 Mo. 249; *Adair v. Adair*, 77 Mo. 630. Such being the theory of appellant below, he cannot change front in this court. *State v. Hope*, 100 Mo. 347. (4) A part of the purchase price of lot 11, block 9, having been paid to Mrs. Western, her interest in that lot was extinguished. 1 Washburn on Real Prop. [5 Ed.] 254, sec. 205. (5) There was no error in refusing or giving declarations of law. (6) Dower was, in fact, relinquished by Mrs. Western's power of attorney to Kinney.

GANTT, P. J.—The action is ejectment for lot 3 in block 5 and lots 10 and 11 in block 9, Skiles & Western's addition to Kansas City. The petition contains three counts, one for each lot. The answer admits the possession but denies all other allegations. Plaintiff sues as husband of Juliette, formerly wife of Western.

It was admitted that Skiles and Wm. W. Western, the latter formerly husband of the said Juliette, was the common source of title to the whole of Skiles & Western's addition. On June 21, 1869, W. W. Western and wife Juliette made to one, J. F. Kinney, a power of attorney authorizing him to sell and convey all their interest in certain real estate including the lots in controversy. The wife signed this power of attorney, and acknowledged it in the form required to relinquish her dower by deed in the lands of her husband. Under this power on the fourteenth of September, 1869, said attorney sold lot 10, and in February, 1870, he sold lot 11 in block 9. A memorandum of these sales in writing was made and delivered to the purchasers. The name of the wife was not signed thereto by the attorney.

On the eighth of April, 1870, a contract was made in writing, signed by Skiles & Western, by Wm. C. Kinney, selling lot 3 in block 5. In each of these sales a part only of the purchase price was paid. The purchasers under these contracts took immediate possession of the respective lots.

Wm. W. Western died in July, 1870, leaving Juliette, his widow, and two children surviving him. In January, 1873, the two children of deceased, by their guardian, commenced a suit against the said widow and four other parties for the assignment of dower and partition of the lots in said addition, including those in suit. The court in this proceeding found the respective interests of the parties, and that the widow was entitled to dower in the interest to which the children were found to be entitled. It was ordered that partition be made among the parties according to their respective interests, and commissioners were appointed to make the partition. They filed their report allotting to the widow, as her dower, the lots in suit with others, the same also with others being allotted to the children. The report was duly approved. None of the purchasers of these lots from Western or their assignees were made parties to this suit. Plaintiff seeks to recover upon the life-estate of his wife to these lots thus assigned to her as dower.

Suits for the specific performance of the contracts of sales by Western were commenced by the assignees thereunder in the years 1876, 1877 and 1879, respectively. The widow and heirs of Western were made defendants thereto, the prayer of the petition being that all the right, title and estate of defendants be divested out of them and vested in plaintiffs. Decrees were rendered in these suits in accordance with the prayers of the petitions. Under these decrees defendant claims title.

This suit was commenced September 22, 1887, and was tried by the court without a jury. From instructions given and refused, it is evident the court found and held that plaintiff's action was barred by the statute of limitation. If the court decided correctly on this defense, there will be no occasion to consider the other intricate questions argued before us.

The fact stands undisputed that the purchasers from Western went into possession of their respective

lots under their contracts prior to the death of their vendor, which occurred in July, 1870, and continued in possession without interruption until the commencement of this suit.   The only right plaintiff claimed was that of the dower of his wife, derived through the seizin of her former husband, Wm. W. Western.   If the statute of limitations commenced to run in favor of the vendees and against the dower right of the widow from the death of the husband, it is clear that the present action is barred, though, as between herself and the heirs, the assignment of dower in the partition case was conclusive. Plaintiff contends that, inasmuch as the possession of a vendee, under a contract of sale, is not hostile to the rights of the vendor, or his heirs, so long as the relation of vendor and vendee is recognized, and, inasmuch as the widow derives her right to dower through the seizin of the husband, it follows that the possession of these vendees was not adverse to the dower rights of the widow while it was held under the contracts.   There is no doubt of the correctness of the proposition that a vendee in possession, under an executory contract, does not hold adversely to the vendor, so long as the purchase money remains unpaid, and the statutes of limitation will not begin to run in his favor.   *Adair v. Adair*, 78 Mo. 634; *Ridgeway v. Holliday*, 59 Mo. 452; *Mabary v. Dollarhide*, 98 Mo. 198.   Does it follow from this that such possession would not be adverse to the claim of dower by the widow of the vendor?

The ground, upon which the vendee in such case is estopped to set up the bar of the statute against the vendor, is based upon the fact that the possession is taken and held with the permission of the vendor, or subservient to his rights.   The vendee is placed in possession by the vendor, and "holds as a licensee or tenant at will."   As is said by this court in *Mabary v. Dollarhide, supra, loc. cit.* 202, "the relation of the vendor and a vendee, when the vendee takes possession under an executory contract, for many purposes is likened to that

of landlord and tenant." See Sedg. & Wait, Trial of Title to Land, sec. 305.

The widow of the vendor or landlord does not stand in the same relation to the vendee or tenant of the husband, as does the heir. The privity existing between the heir and ancestor does not exist in respect to the relation between the husband and his widow. The statute accords to the wife an independence of the husband and a protection of her rights, even against the acts and deeds of the husband, which is not accorded to the heir. R. S. 1879, sec. 2197. "While, in a certain sense, she *takes* under the husband, in a larger sense she *holds* under the statute that exempts her rights from the prejudicial acts of the husband and the *judicial* proceedings of creditors and others." *Davis v. Green*, 102 Mo. 181.

Upon the death of the husband, the inchoate right of dower becomes absolute, and is independent of the title of the heir or alienee of the husband. Her right of action for the assignment of dower arises immediately upon the death of the husband, and may be against the heir himself, or anyone who deforces her of it, and she is entitled to damages from the death of her husband. R. S. 1879, sec. 2206 ; *McClanahan v. Porter*, 10 Mo. 749. In the case of *Robinson v. Ware*, 94 Mo. 678, it is held that an action for the assignment of dower is an action for the recovery of real estate, and is limited by the statute governing such actions.

It is also the settled law in this state that the statute of limitation, applying to actions for the recovery of real estate, when the bar is complete, operates in the extinguishment of the title and right of the one against whom it runs, and not merely as a bar to the action. *Sherwood v. Baker*, 105 Mo. 472 ; *Allen v. Mansfield*, 82 Mo. 693.

It follows that the undisputed continuous adverse possession of the lots in suit, by the vendees of the husband and their assigns, prior to the commencement

of this suit, was a complete extinguishment of any right of the widow, and a bar to any possessory action by her whether founded upon a life-estate or a mere unassigned dower.

The judgment, then, was for the right party, whatever may have been the effect of the partition as to the defendants, or of the decree in the specific performance suits, as to the rights of the wife of plaintiff. Nor does it matter that he could not have recovered in this suit if her dower had never been assigned. If the bar of the statute was complete, she had no possessory rights which she could enforce in any form of action. Judgment affirmed. All concur.