THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY v. MILLER, *Appellant*.

Division One, March 25, 1893.

1. **Contract for Purchase of Land:** VENDOR AND VENDEE: LIMITATIONS. One who has come into possession of land, under a contract to buy it, cannot put the statute of limitations into effect against his vendor while the contract is executory, without, at least, some unequivocal and positive action to indicate such a purpose.

2. ———: ———: ———: PURCHASER FROM VENDEE. Persons acquiring possession under the original vendee in such a contract (transferable by its terms) are within the operation of the rule above stated.

3. ——: ——: ADVERSE POSSESSION. The usual acts of ownership, consistent with the position of vendee in possession under a contract of purchase, are not evidence of an adverse claim of ownership.

4. Practice: BURDEN OF PROOF: DECLARATIONS OF LAW. Where the party bearing the burden of proof has offered no testimony to support his case, and the court has found against him, the declarations of law are immaterial.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Harber & Knight,* for appellant.

(1) The deed from C. I. Woods and wife to Francis Ann Miller conveyed to her all the title and interest of the grantor Woods. General Statutes, 1865, sec. 8, p. 444; Revised Statutes, 1889, sec. 2402; *Altringer v. Capehart,* 68 Mo. 441. (2) The exclusive possession of defendant and his wife under the warranty deed from C. I. Woods, claiming in good faith to own the land for sixteen years prior to the commencement of this suit, extinguished plaintiff's title thereto and transformed it to the grantee in the deed and entitles the defendant to the possession thereof. *Bank v. Evans,* 51 Mo. 335; *Shepley v. Cowan,* 52 Mo. 559; *Barry v. Otto,* 56 Mo. 177; *Ridgway v. Holliday,* 59 Mo. 444; *Nelson v. Brodhack,* 44 Mo. 596, and citations; *Allen v. Mansfield,* 82 Mo. 688; *Ekey v. Inge,* 87 Mo. 493; *Harbison v. School District,* 89 Mo. 184. (3) The possession of the land with an intent to hold the same will be adverse and pass the title thereto, if had and continued for ten years under color of title, however groundless the supposed title may be. 3 Washburn on Real Property [4 Ed.] 150, 151, 152, and note; Angell on Limitations [6 Ed.] sec. 404, and citations in the notes; *Ibid,* sec. 390; *Campbell v. Gas Co.,*

84 Mo. 352; *Sutton v. Casseleggi,* 77 Mo. 397; *Hamilton v. Boggess,* 63 Mo. 233, and authorities cited; Tiedeman on Real Property, sec. 696, and note; *Melvin v. Proprietors,* 5 Metc. 15; *Jackson v. Huntington,* 5 Pet. 402; *Hadges v. Eddy,* 38 Vt. 327; *Orooks v. Bruyr,* 35 Ill. 394. (4) Although Wood, prior to paying the purchase of the land, gave same to his daughter, yet if the daughter (her husband the defendant) went into possession of such lands under such conveyance causing the same, such possession was adverse to said Wood, this plaintiff and all others. Angell on Limitations [6 Ed.] sec. 405; *Hunter v. Parsons,* 2 Bailey, 59. (5) And hence it matters not if Woods did hold the land under contract of purchase with only a part of the purchase money paid; provided defendant did not know it and had no notice of it; defendant's possession under the deed and claiming in good faith to own the land conveyed, and being ignorant of Wood's contract of purchase, or that all the purchase money had not been paid, at once became adverse to plaintiff and those claiming under him. Authorities heretofore cited.

*Thomas E. Turney* and *Spencer, Burnes & Mosman,* for respondent.

(1) Unless the appellant's possession was adverse to plaintiff's title it could avail him nothing. *Moore v. Harris,* 91 Mo. 616; *Nave v. Smith,* 95 Mo. 596; *Mabary v. Dollarhide,* 98 Mo. 198; *Handlan v. McManus,* 100 Mo. 124; *Gordon v. Eans,* 97 Mo. 587; *Hamilton v. Boggess,* 63 Mo. 233. (2) Respondent's second declaration was properly given. One who goes into possession of land under a contract of purchase and fails to make the payments required by his contract may be ejected by his vendor. *Gibbs v. Bullene,* 48 Mo. 237; *Fulkerson v. Brownlee,* 69 Mo. 371, and cases

cited.    (3) The burden of proving the possession and its adverse character was upon appellant.    *Bradley v. West*, 60 Mo. 33.    The possession is not disputed, but there is nothing tending to prove an adverse holding by the appellant except his own testimony which is utterly discredited by his own acts.    (4) "As the legal title of the land remained in the" Hannibal & St. Joseph Railroad Co., Christopher I. Woods "only having acquired an equitable title by reason of his certificate of purchase, any transferee from him could not occupy any higher or better position, and must be regarded as a purchaser with notice.    In such circumstances defendant must be regarded as standing in no more advantageous position than would" Woods, "had he continued to hold under his certificate of purchase." *Jasper Co. v. Tavis*, 76 Mo. 17; *Fulkerson v. Brownlee*, 69 Mo. 371.    (5) Even if defendant's possession had been of an adverse character, it was competent for them to waive it.    As this court say, "even if he had a valid title at the time" of his application to purchase from plaintiff, and at the time he entered into a contract to purchase from plaintiff in 1884 "he is deemed to have waived it, and as between the parties to have admitted title in plaintiff."    *Pratt v. Canfield*, 67 Mo. 50; *Pershing v. Canfield*, 70 Mo. 142.    (6) There could be no adverse possession under the facts in this case. The relation of vendor and vendee under an executory contract for the sale of land is that of landlord and tenant.    *Lockwood v. Railroad*, 65 Mo. 237; *Ash v. Holder*, 36 Mo. 166; *Adair v. Adair*, 78 Mo. 634.    The possession of Woods under the contract of purchase was the possession of plaintiff.    *Cole v. Roe*, 39 Mo. 411; *Mabary v. Dollarhide*, 98 Mo. 202; *Pratt v. Canfield*, 67 Mo. 50; *Fulkerson v. Brownlee*, 69 Mo. 371: *Boyd v. Jones*, 49 Mo. 205; *Matney v. Graham*, 59 Mo.

VOL. 115—11

192.   (7) But if it were conceded than an adverse holding could exist in favor of one entering as a tenant, there was absolutely no proof such as the law requires in cases where the original entry was in privity with and subordinate to the plaintiff's title.   *Estes v. Long,* 71 Mo. 605; *Budd v. Collier,* 69 Mo. 371; *Gordon v. Evans,* 97 Mo. 603; *Quinn v. Quinn,* 27 Wis. 170.

BARCLAY, J.—The plaintiff in this action seeks to recover possession of a tract of land to which defendant claims title by adverse possession.   The petition is in the ordinary form in ejectment, the answer a general denial.   The decisive facts are admitted by both parties here.

Upon a trial by the court, a jury having been waived, a finding and judgment for plaintiff resulted. Defendant appealed.

The plaintiff's case rests upon a patent from the United States government, issued in 1857, and in defendant's admission of possession.   The defense takes the affirmative, asserting full ownership by virtue of the statute of limitations.

A written agreement was entered into, December 23, 1868, between Christopher I. Woods and the plaintiff for the purchase from the latter by the former of the land in dispute with other parcels for the sum of $1,920, payable in ten annual installments, the last falling due December 23, 1878.   By this agreement Mr. Woods ''or his assignee'' was to have immediate possession of the land described, and was to pay all taxes thereafter levied against it.

This document was offered and read in evidence by plaintiff without objection.   Whether or not it was ever recorded does not appear.   The second and last payment upon it was of $115.20, May 2, 1870.   Mr. Woods fenced the land in 1869 or 1870, and in 1872,

conveyed it to his daughter (then and now the wife of defendant) by deed, duly acknowledged and recorded. In form the latter was of general warranty (with the statutory covenants) and recited a consideration of $5, and his natural love and affection for the grantee.

Under this deed the defendant and his wife entered upon and improved the land, built a house upon it, and have paid the taxes upon the property ever since. In January, 1884, defendant offered by letter to plaintiff to buy the property in question upon certain terms, among which was a stipulation to obtain possession thereof at his own charge and expense. His offer was accepted, and a contract closed accordingly for the purchase of the land by him for $440, to be paid in four installments of equal amounts; the defendant was to pay the taxes and to have the right to immediate possession as against the plaintiff company. Defendant made the first of the four payments but none further. Defendant testified that he did not know of the nature of Wood's original title; and that he had occupied the land with his wife in good faith, claiming title thereto in their own rights.

The present action was begun, December 20, 1888.

Mr. Woods acquired possession under his contract to purchase. The transfer of the possession to his daughter was permissible by the terms of his agreement. Payment of taxes by the purchaser was also a part of it.

Assuming (without deciding) that possession thus gained may be turned into an adverse one, the only testimony tending to prove such adverse holding in this instance is that of defendant to the effect that he had claimed title to the property under the deed to his wife ever since she received it.

But there is no evidence whatever of any outward manifestation of such a position. The ordinary acts

of ownership which usually give public expression to a claim of title were in this case entirely consistent with the agreement to purchase, and cannot justly be treated as implying an assertion of rights adverse to those of the vendor.

One who has obtained possession of land under a treaty with the owner for its purchase cannot, before compliance with its terms, put the statute of limitations into effect against the true title, without at least some unequivocal and positive action to indicate such a purpose.

It is not enough to form a design to get the property in that manner, and to lock the claim in one's own breast in the hope to give thereby a different legal complexion to acts in their nature friendly to the title to be acquired. Justice requires more of him than the mere claim of ownership to start a title adverse to that of the real owner, where one has come into possession by the latter's consent. Here there is no evidence that the "claim" was ever even spoken to any one.

It may be conceded to be settled law in Missouri that the vendee in an executed contract conveying land may assert title adversely to his immediate vendor. But that rule has no proper application between vendor and vendee where the latter has gone into possession under an executory contract for the purchase of the property. Until payment of the price or other solution of the contract, where it is transferable, those who come into possession of the land under the vendee are not regarded as acquiring thereby greater rights than the vendee could assert, except in so far as the statutes touching the registry of deeds may modify that rule. In this case no such exception as that last noted arises, for it does not appear that Mr. Wood at any time had any recorded interest of any sort in the land. At the time he transferred posses-

sion to his daughter he merely had an equity in it, and no greater right passed by the transfer or by the entry of herself and husband.

Defendant's own proof does not tend to establish an adverse possession such as would confer title under the statutes of limitations as against plaintiff.

It is hence unnecessary to review the instructions, for the conclusion reached on the circuit is plainly for the right party.

Defendant stands wholly upon his supposed legal rights and we have hence considered his case in no other aspect.

Whether he is not barred from maintaining the position he asserts for other reasons suggested by the facts we need not stop to inquire.

The judgment is manifetly correct and is affirmed. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.