WILLIAM S. NICHOLS v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, Appellant.—164 S. W. (2d) 278.

Division Two, September 8, 1942.

*Roy McKittrick,* Attorney General, *B. Richard Creech,* Assistant Attorney General, and *Elmore C. Crowe* for appellant.

1150

BOHLING, C.—This cause was certified here by the Kansas City Court of Appeals. It involves an application to the State Social Security Commission for old age assistance. Ch. 52, Art. 1, R. S. 1939. See Nichols v. State Social Security Commission (Mo. App.), 156 S. W. (2d) 760, where the facts are detailed. The circuit court found the award of the Commission, which denied assistance, "unreasonable, arbitrary and against the purpose and spirit of the law" and remanded the cause for further consideration. The Commission appealed. A majority of the Court of Appeals did not concur in the opinion prepared ánd considered the award of the Commission should be affirmed.

The Social Security Act of 1937 (Laws 1937, p. 467) granted old age assistance, in so far as material to a determination of the instant case, to an aged person not having "sufficient income or other resources to provide a reasonable subsistence compatible with decency and health, and is therefore without adequate méans of support" (Ibid., Sec. 12; see now Sec. 9407, R. S. 1939); and provided that "the amount of benefits . . . shall be determined with due regard to resources and necessary expenditures of the individual . . ." [Ibid., Sec. 11.] The act was construed as conferring assistance upon otherwise qualified persons although they were actually receiving "a reasonable subsistence compatible with decency and health" from some

child or other relative. Price v. State Social Security Comm., 232 Mo. App. 721, 728, 121 S. W. (2d) 298, 302[1]; Moore v. State Social Security Comm., 233 Mo. App. 536, 541, 122 S. W. (2d) 391, 393[4]. In 1939 the Act was materially changed. Section 11, as reenacted, provided: "In determining the eligibility of an applicant . . . , it shall be the duty of the Commission to consider and take into account all facts and circumstances surrounding the applicant, including his earning capacity, income and resources, from whatever source received, and if from all the facts and circumstances the applicant is not found to be in need, assistance shall be denied. . . . Benefits shall not be payable to any person who: . . .

"(6) has earning capacity, income, or resources, whether such income or resources is received from some other person or persons, gifts or otherwise, sufficient to meet his needs for a reasonable subsistence compatible with decency and health." [Laws 1939, p. 739; Sec. 9406, R. S. 1939.] This resulted in denying assistance to those otherwise entitled thereto who received gratuities enabling them to live in decency and health. Howlett v. Social Security Comm., 347 Mo. 784, 793, 149 S. W. (2d) 806, 812[12]; Chapman v. State Social Security Comm., 235 Mo. App. 698, 703, 147 S. W. (2d) 157, 160[7].

The instant case was presented to the Commission on September 12, 1940, on the theory that applicant, unless he was receiving gratuities which enabled him to live in decency and health, was qualified to receive old age assistance. The Commission's award read: ". . . The State Social Security Commission finds and awards: That the claimant has income, resources, support and maintenance to provide a reasonable subsistence compatible with decency and health and is not found to be in need . . ." Whenever the facts present a situation calling for the application of a specific provision of the law, it would be better and we think in accord with the legislative intent for the Commission, a statutory body, to so word the award as to remove all doubt of the ground or grounds upon which it is entered that it may be intelligently reviewed ▮▮ by the courts under Sec. 9411, R. S. 1939. If the instant award might permit of a construction that applicant had sufficient income et cetera in his own right, we, viewing it in the light of the sole controverted issue presented for determination, conclude assistance was denied on the ground applicant was receiving gratuities enabling him to live in decency and health.

Applicant had been living for ten years or more with his daughter and son-in-law, Mr. and Mrs. David A. Cooper. He testified they had been and were now "taking care of" and "supporting" him. Mrs. Cooper testified she and her husband furnished applicant with the "necessities of life" out of her husband's wages, and: "Q. And you are now supporting him and providing him with the neces-

sities of life? A. Sure.'' Mr. Cooper testified that his salary was $1320 a year, less three and one-half per cent retirement fee, approximately $106 a month; that he was furnishing applicant with the ''necessities of life,'' and: ''Q. From your present salary you have been able to meet your current living expenses and provide a reasonable living for yourself and your wife and father-in-law, have you not? A. Yes, sir; we haven't suffered.'' Such testimony is in part in the nature of conclusions. Fact finding administrative bodies, charged with the impartial administration of the law entrusted to them, should base awards on actual facts adduced rather than the conclusions of witnesses invading the province of such bodies in the determination of their ultimate ruling. That one is considered to know the law is a fiction for the advancement of justice. A witness is neither the judge nor the court. He may be ignorant of the precise legal consequences of the true facts; his stated conclusion may be wholly at war with the resulting legal situation; and his ignorance of the law should not be permitted to become the law of the case where his factual testimony discloses a legal situation contrary to his conclusion. We think it was not necessarily the intention of the Legislature to penalize dutiful children, having a sense of pride of family, and sanction sacrifices by them to the extent of depriving themselves of needed food, shelter, medical attention or other necessities of life while permitting children, lacking in pride of family and filial affection, to refuse, under practically similar situations, to make any sacrifices and saddle the burden of supporting their indigent parents upon the public. We understand the Commission so administers the law. [Consult Howlett v. Social Security Comm., 347 Mo. 784, 792, 149 S. W. (2d) 806, 811.]

As might be expected from the foregoing testimony of the witnesses there was no evidence that applicant was in need of the necessities of life, a condition attached to a grant of old age assistance. [Sec. 9406, supra.] Webster's New International Dictionary (2 Ed., 1935), defines ''need'': ''a A condition requiring supply or relief, urgent exigency . . . c Want of the means of subsistence; poverty; indigence; destitution.'' And ''needy'': ''Distressed by want of the means of living; poverty-stricken.'' Moore v. State Social Security Comm., 233 Mo. App. 536, 541, 122 S. W. (2d) 391, 393, gives the ordinary legal meaning of ''needy'' as '' 'indigent; necessitous; very poor.' '' [See also Words & Phrases (Per. Ed.), ''Need'' and ''Needy.''] The civilized Christian world recognizes a moral obligation resting on the family unit to care for its aged and indigent. The Social Security Act, as amended, does not relieve children, able so to do, of assistance to their aged parents. Rather, it recognizes the moral obligation. A report made by an investigator of the Commission after consultation with applicant and Mr. and Mrs. Cooper was admitted over the objection that the figures therein were

arbitrary and not taken up with Mr. and Mrs. Cooper. Mrs. Cooper thought the investigator had conferred with her, but Mr. Cooper stated he was not present when the "budget" was made. If we disregard this report, we still cannot say that applicant sustained the burden resting upon him. Mr. Cooper's testimony, general in nature, was that he spent $40 to $50 monthly for food. He also testified he had purchased a car for $238 and a stove for $150, upon which he was making payments, and that he owed $70. Taxes, according to the record, were $9 annually on his home, and insurance was $16.50 every third year. There had been, in 1933, a comparatively large expenditure for applicant's sickness. It was not established that like expenditures had been subsequently incurred. Mr. Cooper's earnings were $106 monthly. If we give consideration to the "budget" on items not questioned, it may be, as testified by Mr. Cooper that the support of his father-in-law entailed a hardship; but even then the record is no more favorable to applicant than the record made in other cases wherein a denial of assistance was upheld. ██ If the Commission considered that applicant's proof failed to sustain the burden the law cast upon him, we are not inclined to interfere under the instant record. Burley v. State Social Security Comm. (Mo. App.), 163 S. W. (2d) 95; Stockman v. State Social Security Comm. (Mo. App.), 163 S. W. (2d) 127[2]; Kelley v. State Social Security Comm. (Mo. App.), 161 S. W. (2d) 661, 662[1], and cases cited; Dunnavant v. State Social Security Comm., 235 Mo. App. 1107, 150 S. W. (2d) 1103, 1108[1].

The judgment of the circuit court is reversed and the cause remanded with directions to sustain the award of the Commission. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Tipton, P. J.*, and *Leedy, J.*, concur; *Ellison, J.*, concurs in result.