ALLEN, *Plaintiff in Error*, v. McCABE *et al.*

1. **Judgment in Tax Cases, Presumptions in Favor of.** The same presumptions are indulged in favor of the judgments of courts of general jurisdiction and proceedings under them, in tax cases, as would be indulged in favor of any judgment of a court of general jurisdiction in an action between individuals.

2. **Tax Proceeding, Nature of.** Although the statute makes it necessary that the owner of the property should be made a party in a tax proceeding, in order to give the court jurisdiction, yet when this is done the proceeding becomes one *in rem*, directed against the property. The judgment is one *in rem*, and the execution goes against the property, and the sheriff sells it, and not the interest of any particular person in it.

3. **Sheriff's Deed in Tax Proceeding, Validity of.** Where a sheriff's deed in a tax proceeding is accompanied by a valid judgment and execution, and is in strict conformity to the requirements of the statute in such proceedings, it properly conveys the land in question, and not the interest of the owner therein, to the purchaser.

4. **Taxes, Lien of the State for Superior.** The lien of the state for taxes is paramount to that held by the *cestui que trust* in a deed of trust, or to any title that the latter could acquire at the trustee's sale.

5. ―――: INFERIOR INCUMBRANCE : EQUITY OF REDEMPTION. The *cestui que trust* has the right to pay the taxes and redeem the land from the paramount lien of the state, and when he is not made a party to the tax suit, that right remains unimpaired and unaffected by the judgment and sale in the tax proceeding.

6. ―――: PURCHASER AT TAX SALE : TITLE : EJECTMENT. The purchaser at the tax sale acquires a legal title superior to that acquired by the purchaser at the trustee's sale, which the latter cannot successfully resist in an action of ejectment.

*Error to St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED AND REMANDED.

*Andrew Mackay, Jr.*, for plaintiff in error.

(1) The taxes levied against the premises were a first or paramount lien thereon. 1 Herman on Mortgages [1 Ed.] sec. 407, p. 576 ; *Stafford v. Fizer*, 82 Mo. 393. (2) Catherine Schrader took the deed of trust, subject to the statutory lien for taxes due on the premises, or to become due, and she had the right, as holder thereof, to pay the prior lien for the taxes. 1 Herman on Mortgages [1 Ed.] sec. 407, p. 576. (3) The title acquired by plaintiff, under the execution sale for back taxes, is superior and must prevail, in an action to recover the possession, over that acquired and now held by Caroline Schrader under the deed of trust, of a date prior to the back-tax suit, executed by McClellan, owner of the premises, no sale being made thereunder, until subsequent to the sale for such taxes to the plaintiff. *Page v. Hill*, 11 Mo. 149 ; *Boyd v. Jones*, 49 Mo. 204 ; *Stafford v. Fizer*, 82 Mo. 393 ; *Gitchell v. Kreidler*, 84 Mo. 472 ; *Cowell v. Gray*, 85 Mo. 169 ; *Barnum v. Cook*,

4 Mo. App. 590 ; Herman on Executions [1 Ed.] ch. 12, pp. 354, 357, 358.

*C. A. Schnake* for defendants in error.

(1) The tax deed does not contain recitals and proof sufficient to show on its face that it is superior to any prior conveyance, or that it is under a decree divesting title out of the owner, or that it conveys the first lien of the state. R. S., sec. 6838 ; Blackwell on Tax Titles, sec. 5, p. 406. (2) Section 6839 provides that "the sheriff shall execute to the purchaser of real estate under this act a deed for the property sold," but fails to provide what this deed shall contain ; and it is held, that, in such cases, the instrument must be drawn so as to constitute an instrument, which, by the rules of the common law, would be sufficient to transfer the title of the former owner. *Yankee v. Thompson*, 51 Mo. 234 ; *Einstein v. Gay*, 45 Mo. 62 ; Blackwell on Tax Titles, sec. 5, p. 406. (3) The tax deed is null and void, because it fails to convey the title of any person as former owner. *Yankee v. Thompson*, 51 Mo. 231 ; *Einstein v. Gay*, 45 Mo. 62 ; Blackwell on Tax Titles, sec. 5, p. 406 ; *Bosworth v. Bryan*, 14 Mo. 575. (4) Because it is not accompanied by either the judgment, the special execution, or other evidence supporting the statements of the sheriff that the transfer and conveyance is made by virtue of the aforesaid judgment, special execution, and advertisement. *Williams v. McLanahan*, 67 Mo. 499 ; *State v. Mantz*, 62 Mo. 258 ; *Yankee v. Thompson*, 51 Mo. 231 ; *State v. Richardson*, 21 Mo. 420 ; *Spurlock v. Allen*, 49 Mo. 178. (5) The recital in the deed, "and charged with the lien of the tax bill on which this action is founded," is erroneous and not supported by the execution under which the sheriff pretends to sell. *Large v. Fisher*, 49 Mo. 307. (6) Where judgment is rendered in the court below upon an agreed statement of

facts and admissions by parties, all presumptions are in favor of the validity of the judgment and the court will only consider whether, when all the facts are admitted, those facts justify the court below in rendering the judgment. *Barden v. Ins. Co.*, 3 Mo. App. 248; *Munford v. Wilson*, 15 Mo. 540; *Shaw v. Padley*, 64 Mo. 519. (7) The judgment must be construed like any other evidence in the case. *Cravens v. Jameson*, 59 Mo. 68; *Kane v. McCowan*, 55 Mo. 181. (8) A judgment under section 6838, Revised Statutes, must be against the land upon which taxes are found to be due; it must state the amount due on each tract and lot, and must decree that the lien of the state be enforced. Failing to so show, the judgment must be construed to be a general judgment only. (9) A special execution must be in conformity with the judgment. R. S., sec. 2335, (10) And in order to constitute it a special *fieri facias*, the document should recite the order or decree making it special, and should not conclude with a mandatory clause, general in its nature. *Ewart v. Davis*, 76 Mo. 129.

BRACE, J.—This is an action of ejectment, instituted in the circuit court of the city of St. Louis, to recover possession of lot 10, in city block 688, in Peter Lindell's addition to the city of St. Louis. Defendant McCabe is the tenant of defendant Schrader. The case was tried by the court, without a jury, on an agreed statement of facts, from which it appears that, on the sixteenth of July, 1874, one Josiah G. McClellan, who was, at the time, the owner, in fee-simple, of said lot, by his deed of that date, in which his wife joined, duly executed, acknowledged, and recorded, conveyed said lot to one Adolph Kehr, in trust, to secure the payment to said defendant, Schrader, of certain promissory notes, which she held of his. On the fifth of October, 1880, a suit was instituted in the circuit court of the city of St. Louis by the state, at the relation of the collector of said city,

for the recovery of the taxes due and unpaid on said lot for the years 1876, 1877, and 1878, in which suit the said McClellan and Schrader were made parties defendant. McClellan was served, but no service was obtained on Schrader, and the cause was dismissed as to her before judgment. On the twenty-eighth of March, 1881, judgment was rendered for plaintiff in said suit for the amount of taxes due on said lot for said years, interest, and costs, a special *fieri facias* issued, and, by virtue thereof, the lot was sold by the sheriff, on the sixteenth of June thereafter, to the plaintiff, who, on the twenty-ninth of the same month, received the sheriff's deed therefor, which was duly recorded, and under which he claims title.

On the first of October, 1881, McClellan, being in default on his promissory notes, secured by the deed of trust aforesaid, surrendered possession of the premises, then occupied by his tenant, McCabe, to the defendant, Schrader, the *cestui que trust*, and directed McCabe thereafter to pay the rents to her, which he did, and the same was credited on said notes as paid. This continued until May 8, 1882, when the property was sold, under the deed of trust, and defendant, Schrader, became the purchaser, received a deed therefor from the trustee, which was duly recorded, and thereafter McCabe, who continued, and still continues, in possession, attorned to her and she claims title under said trustee's deed. The court found the issue for the defendants, and rendered judgment in their favor, and the plaintiff brings the case here by writ of error.

The validity of the judgment, execution, and sheriff's deed, by virtue of which plaintiff claims title, is questioned by counsel for defendants on the ground of the insufficiency of their recitals. We have given them a careful examination, and find the objections urged to their sufficiency not well taken, even if the rule which is involved, "that nothing can be presumed in favor of tax

proceedings, but every requisite of the law must be shown to have been strictly complied with," is applied to them in all its rigidity. It may be as well, however, to remark that the cases cited which support this proposition of law are cases in which the collector was authorized in a summary manner to sell land without the judgment of any court, or in which the judgment under which the sale was made was rendered by a court exercising special and limited jurisdiction, and are not in point in this case, which is that of a judgment of a court of general jurisdiction; and the same presumptions are to be indulged in favor of its judgment and the proceedings under it, in tax cases, as would be indulged in favor of any judgment of a court of general jurisdiction in an action between individuals. *Welshear v. Kelley*, 69 Mo. 343.

The judgment, in this case, contains all the recitals required by section 6838, Revised Statutes, 1879. It describes the real estate upon which taxes are found to be due; states the amount of tax found to be due thereon; the years for which the same are due; adjudges the amount of tax so found to be due against said lot; finds that Josiah G. McClellan is the owner thereof; declares the judgment a first lien upon said real estate; decrees the enforcement of the lien and that said lot, or so much thereof as may be necessary to satisfy said judgment, interest, and costs, be sold, and that a special *fieri facias* issue thereon. The execution was a special *fieri facias*, properly reciting the judgment, the cause and court in which rendered, its nature, date, and amount, and commanding the sheriff to make the amount thereof, interest, and costs, out of the said lot. The sheriff's deed properly recited the judgment and execution, and showed a sale thereunder in strict compliance with the requirements of the law; the purchase by the plaintiff; the payment of the purchase money,

and by virtue of the power in him vested thereby, he conveyed said lot to Nathan D. Allen, the plaintiff.

The only point made against either judgment, execution, or deed, worthy of special notice is, that the deed conveys the lot in question, and not the interest of the owner thereof, and this, for the purpose of correcting a misconception of the nature of the proceeding. The statute (R. S., sec. 6839) prescribes no form of deed in such cases, but requires the sheriff "to execute to the purchaser a deed for the property sold   *   *   * which shall convey a title in fee to such purchaser." It must be remembered, that, although the statute makes it necessary that the owner of the property should be made a party, and this is necessary to call into activity the jurisdiction of the court over the subject-matter ; yet, when this is done, the proceeding is *in rem* against the property to enforce the lien of the state on that property, subordinate to which the owner holds his title ; the judgment is *in rem*. The execution goes against, and the sheriff sells, the property, and not the interest of any particular person in it. And his deed conveys, in the language of the statute, "a title in fee to the purchaser." The deed in this case, accompanied, as we have found, by a valid judgment and execution, shows a compliance with all the requirements of, and in strict conformity to, the nature of the proceeding under the statute.

It only remains to inquire what title did the plaintiff acquire by his purchase at the execution sale, as against the defendant, Schrader, who was not a party to the proceeding in which the judgment was rendered. At the time the judgment was rendered there were two liens on the premises, one in favor of the state for the amount of the unpaid taxes thereon, one in favor of the defendant, Schrader, the *cestui que trust* in said deed of trust for the amount of McClellan's indebtedness to her on the promissory note. The lien of the state was para-

Allen v. McCabe.

mount to that of said defendant, and to any title of McClellán's that she could acquire under it by foreclosure. The only right she had, as to that paramount lien, was to pay it off, and thereby redeem the title of McClellan from that lien; not having been made a party to the suit for the enforcement of the state's paramount lien, that right remains to her unimpaired, and unaffected by the judgment therein, and the sale made under it. By the sale under the deed of trust, the equity of redemption of McClellan was barred, but as against the purchaser at the execution sale, she thereby acquired no right that she did not have under the deed of trust. The legal title that she acquired by such sale was the title of McClellan, which was subject and subordinate to the paramount lien of the state, which, when enforced, vested in the purchaser at the execution sale a legal title superior to that acquired by the purchaser at the trustee's sale; and it follows in this action of ejectment that the plaintiff, on the agreed facts, having the superior legal title, ought to have recovered judgment for the possession of the premises. *Stafford v. Fizer*, 82 Mo. 393; *Gitchell v. Kreidler*, 84 Mo. 472; *Cowell v. Gray*, 85 Mo. 169. The court erred in refusing plaintiff's declarations of law numbered one, two, and three, and in giving defendants' declaration number one, which necessitated a finding for the defendants, unless defendant, Schrader, was a party to the tax proceeding, and judgment therein was rendered against her, and in finding for the defendants, on the evidence.

The judgment of the circuit court is, therefore, reversed and the cause remanded. All concur.