MISSOURI REAL ESTATE & LOAN COMPANY, Appellant, v. MARY J. GIBSON and BUCHANAN COUNTY.

### Division One, April 10, 1920.

1. **TAX LIEN: Suit Against Mortgagee Alone.** A lien for taxes cannot be fastened upon land in a suit in which a mortgagee, out of possession, alone is made defendant.

2. **MORTGAGE: Estate in Lands.** A mortgage, or a deed of trust in the nature of a mortgage, given on land to secure the payment of a debt is, in its last analysis, a lien and nothing more. It is neither an estate in land, nor a right to any beneficial interest therein; it is neither *jus in re* nor *jus ad rem;* it is so intangible, that it cannot be assigned, nor levied upon or sold under execution; it is merely the right to have the debt, if not otherwise paid, satisfied out of the land.

3. ——: ——: **Suit Against Mortgagee Alone: Tax Lien.** Under Section 8711, Revised Statutes 1909, if no one having any "right, title, interest or estate" in the land sought to be charged with a lien of special tax-bills is made a party defendant, the court is wholly without jurisdiction of the subject-matter. The statute provides that the special judgment in such a case and a sale on execution thereof vests all "the right, title, interest and estate" of the defendant in the purchaser "and discharges the lands from any liens or encumbrances thereof." But a mere mortgagee, or the *cestui que trust* in a deed of trust in the nature of a mortgage, out of possession, has no estate in the land, and no interest that can be sold, and a suit for taxes against him alone cannot be maintained. It is the land that is subject to the tax, and not the mortgagee's lien thereon. [Distinguishing Walker v. Mills, 210 Mo. 684.]

4. ——: ——: ——: ——: **Why Mortgagee a Necessary Party.** The mortgagee is a necessary party in a suit to enforce a tax lien not for the purpose of giving the court jurisdiction of the interest in the land subject to his lien, but in order that his lien may be discharged and his right to redeem from the superior lien of the tax bill may be foreclosed.

Appeal from Buchanan Circuit Court.—*Hon. Charles H. Mayer,* Judge.

AFFIRMED.

*John E. Dolman* for appellant.

The holder of a deed of trust is an owner within the meaning of this statute, Sec. 8711, R. S. 1909. Morey Engineering Co. v. Ice Co., 242 Mo. 241, 259; Jaicks v. Oppenheimer, 264 Mo. 693; Barnes Asphalt Co. v. Field, 174 Mo. App. 11.

*C. F. Strop* and *Graham & Silverman* for respondent.

(1) While a proceeding to enforce the lien of a special tax bill is a proceeding *in rem,* yet there must be a proper party before the court in order to confer jurisdiction and a necessary party in the action is the owner of the fee. Sec. 8711, R. S. 1909; Perkinson v. Meredith, 158 Mo. 463; Heman v. McNamara, 77 Mo. App. 15; Paving Co. v. Field, 174 Mo. App. 14; Jaicks v. Sullivan, 128 Mo. 184; Gitchell v. Kreidler, 84 Mo. 47. (2) Under similar statute for the foreclosure of mortgage, owner of equity of redemption is necessary party to confer jurisdiction. Sec. 2828, R. S. 1909; McCauley v. Brady, 123 Mo. App. 564. (3) If Buchanan County is possessed of an interest in the property as contended by appellant then such interest is not subject to appellant's claim. Clinton ex rel. v. Henry Co., 115 Mo. 557. (4) Plaintiff's ignorance of the death of Mary J. Gibson is no excuse for failure to make the owner of the fee a party defendant. The law casts the burden on the

contractor of ascertaining who is the legal owner of the property. While ordinarily the making of the record owner a party will satisfy this requirement, yet the exception to this rule is ownership by descent, and in such case the actual owners must be made parties defendant. Paving Co. v. Realty Co., 168 Mo. App. 481; Jaicks v. Sullivan, 128 Mo. 177.

RAGLAND, C.—This is a suit to enforce the lien of special tax-bills issued by the City of St. Joseph for street improvements. The petition, naming Mary J. Gibson and Buchanan County as defendants, was filed January 31, 1916. Summons issued in due course to both, but was served on Buchanan County only. At the time the suit was instituted Mary J. Gibson was dead, and when this fact was discovered by plaintiff the lien of the special tax-bills had expired by limitation against all persons not then made parties to the suit. At the time of her death said Mary J. Gibson was the sole record owner of the property on which the tax-bills were a lien. At the date of the institution of the suit, Buchanan County was the owner and holder of certain notes that had been given by Mary J. Gibson in her lifetime and which were secured by a first mortgage or deed of trust on the lot on which it is sought to enforce the lien of the tax-bills; it had and has no other interest in the property.

Buchanan County made default. After hearing the evidence, the court held that plaintiff could not enforce the lien of its tax-bills against the lien of Buchanan County on the lot in question, for the reason that no person owning any interest in the fee therein was made a party to the suit. Judgment for defendant, and plaintiff appeals.

The City of St. Joseph is a city of the first class and the lien of its special tax-bills and the method of enforcing it are created and prescribed by Section 8711, Revised Statutes 1909. The provisions of this section, pertinent here, are as follows:

"Any of the owners of the land charged, or of any interest or estate therein, may be made defendants, but only the right, title, interest and estate of the parties made defendants in any suit shall be effected or bound thereby or by the proceedings therein. . . . Any such special judgment shall bind all the right, title, interest and estate in the land that defendants, and each of them, owned at the time the lien of the tax bill commenced, or acquired afterwards, and a sale on execution thereon shall vest all of such right, title, interest and estate in the purchaser, and discharge the lands from liens or incumbrances thereon; . . . In case the owner of any undivided interest or particular estate in any land charged be compelled by suit to pay, on account of any such tax bill, more than he ought equitably to pay, as between him and others interested in the property, such owner shall be subrogated to the lien of such tax bill, and may, by proper proceedings in any court of competent jurisdiction, enforce such lien, and have the equities between such owner so paying and such other owners or parties interested in the land adjusted, though such other owners or parties interested were not parties defendant to the original suit on the bill, and though such subsequent proceedings be commenced after the expiration of two years from the issue of the bill, or the party so paying shall be entitled to contribution or repayment from others, according to equity, without enforcing the lien."

Within the purview of the statute the suit to enforce the lien is in the nature of a proceeding *in rem,* but only "the right, title, interest and estate of the parties made defendants" are affected or bound by it. If no one having any "right, title, interest or estate" in the land charged with the lien is a party defendant, the court is wholly without jurisdiction of the subject-matter. [Allen v. McCabe, 93 Mo. 138, 144.] The special judgment and sale on execution thereof vests all the "right, title, interest and estate" in the purchaser *"and discharges the lands from any liens or encumbrances thereon."* The sole question for decision is,

whether Buchanan County is the owner of such a "right, title, interest or estate" in the land covered by its deed of trust as would pass to and vest in a purchaser at a sale on execution under a special judgment enforcing the lien of the tax bills.

An important premilinary inquiry is, what interest or estate, if any, has a mortgagee in the mortgaged premises? The mortgage of the present day is the product of evolution, and the decisions of the courts respecting some of its characteristics are apparently more or less incongruous. For example, we hold that after condition broken the legal title to mortgaged land vests in the mortgagee and he can maintain ejectment, yet we further hold that such vesting of the title is for the protection of the debt and for no other purpose, and when the debt is paid the mortgagee's interest is extinguished without reconveyance. Notwithstanding a few attributes that still inhere in it as a result of its common law origin, a mortgage, or deed of trust in the nature of a mortgage, given on land to secure the payment of a debt, is now regarded in this State as being, in its last analysis, a lien and nothing more. [Dickerson v. Bridges, 147 Mo. 235, 244; Terminal Ice and Power Co. v. Ins. Co., 196 Mo. App. 241, 248.] So viewed, it is neither an estate in land, nor a right to any beneficial interest therein. It is neither *jus in re* nor *jus ad rem*. It is merely the right to have the debt, if not otherwise paid, satisfied out of the land. The debt is the essence of the mortgage, the lien a mere incident that follows it as a shadow (Lipscomb v. Talbott, 243 Mo. 1, 31), and which, in and of itself, apart from the debt, is so intangible that it can not be assigned (Thayer v. Campbell, 9 Mo. 280), nor levied upon or sold on execution. [19 R. C. L. 311, sec. 387.] Now under any reasonable construction of the statute, applied concretely to the facts in this case, it must be held, that the tax-bills in suit were a charge on Mrs. Gibson's land, not on the debt she owed Buchanan County, and the holder had a right to have *her land,* but

not the *county's personal property*, appropriated to its payment. And further, if the statute be construed in consonance with the principles of law applicable generally in this State in the enforcement of liens, whether contract or statutory, it must be held that, if the owner of the fee, as well as the present defendant, had been the parties defendant, and had judgment been rendered enforcing the lien, followed by execution and sale as provided by the statute, no interest of Buchanan County in the land would have passed to and vested in the purchaser; the county's lien, that is, its right to have the land subjected to the payment of its debt, would have been extinguished—nothing more. The debt would still have been owing by the mortgagor. As a corallary it would follow that, if the mortgagee of the whole, as here, and the owner of an aliquot part of the land, or of an estate less than the fee, had been joined as defendants, the purchaser at the execution sale under the judgment would have acquired such part of the land, or such particular estate therein, discharged of the mortgage lien, but the lien as to the remaining interest or estate would have been unaffected thereby. The purpose of the statute is to vest in the purchaser "such right, title, interest or estate" as the defendants have in the lands "free from any liens or encumbrances thereon." In this case, as no person who had any right, title, interest or estate in the land, as distinguished from a mere lienor, was a party defendant, the court's jurisdiction as to subject-matter was wholly lacking, so far as the enforcement of the lien was concerned. This conclusion is not out of harmony with the ruling in Walker v. Mills, 210 Mo. 684. The question in that case, was whether a tax judgment, in which the two defendants were the grantor and the beneficiary in a deed of trusts, respectively, and the former had not been served with process in the suit, was void. It was held that the judgment and sale thereunder passed the interest of the beneficiary, if nothing more. But the facts conclusively showed that the mortgagor had turned

the premises over to the mortgagee in payment of the debt, and that the latter had gone into possession and was in fact the owner.

II. One of the principal objects sought to be attained by the statute under consideration, in the enforcement of the liens of special tax bills, conformably to the general policy of the law in the foreclosure of all liens by suit, is to produce, as far as possible, at the execution sale a perfect title. While **Why a Necessary Party.** a mortgagee or other lienor does not have any right in or to the *land* itself, he does have a right to have it subjected to the payment of his debt, and unless he is a party to the proceeding this right by the express terms of the statute is unaffected thereby. He is, therefore, a necessary party, not to give the court jurisdiction of the interest in the land subject to his lien, but in order that the lien may be discharged, and his right to redeem from the superior lien of the tax bill be foreclosed. [Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138.]

According to the views herein expressed the judgment of the trial court should be affirmed. It is so ordered.

*Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.