## Fred Shmidheiser Building and Loan Ass'n v. Paradise et al.

*Paul M. Rosenwey*, for plaintiff; *William T. Connor*, for defendants.

FINLETTER, P. J., January 25, 1933.—It is recited in plaintiff's bill that plaintiff is a judgment creditor of the defendant, Paradise, in the sum of $50,000; and that defendant is the owner of certain mortgages given by one Quigley to defendant and of other mortgages given by Quigley to third parties, which have been by them assigned to defendant.

Each mortgage was given to secure a bond of Quigley's.

Plaintiff has caused attachment execution to issue, summoning Quigley, the mortgagor, as garnishee. It has also filed a bill in equity in aid of execution against Quigley, and has added as parties defendant the registered owners of the mortgaged properties and the recorder of deeds.

The bill prays for a decree restraining the owners of the mortgaged premises, and also Quigley, the mortgagor, from paying either principal or interest, or both, to the defendant, and for an order on defendant to deliver the bonds and mortgages to the sheriff for sale under plaintiff's execution. An injunction is also sought against the recorder of deeds to restrain the recording of any assignments of the mortgages.

Similar action is also prayed for, with respect to other mortgages owned by the defendant, but in the hands of a pledgee for a debt owing by defendant. The pledgee is made a party. The prayers, with respect to the last-mentioned mortgages, ask only for action subject to the rights of the pledgee.

The bill is founded upon section twenty-two of the Act of June 16, 1836, P. L. 761, which provides:

"The stock owned by any defendant in any body corporate, also, deposits of money in any bank, or with any person or body, corporate or politic, belonging to him, and debts due to him, shall be liable to execution, like other goods or chattels subject nevertheless, to all lawful claims thereupon, of such body corporate or person."

There can be no question that the debts owing to defendant by Quigley upon his bonds and mortgages are within the language, purpose and intent of this section. They are "debts due to him."

In Reed v. Penrose's Exec'x, 36 Pa. 214, 239, it was said, in discussing the Act of 1836, that "a judgment-debtor might be without lands, goods, or stocks, and yet have plenty of money on deposit, or invested in bonds and mortgages, or other choses in action. That such a debtor, entirely able to pay his creditor, should be permitted to defy him, was a just reproach to the remedial power of the law. And accordingly the legislature, on the suggestion of the codifiers, provided by the Act of 16th June, 1836, § 22, [P. L. 755] that the defendant's stocks, deposits, and debts due him, whether held and owing by corporations or persons, should be liable to execution 'like other goods and chattels.' "

Section thirty-five of the Act of June 16, 1836, P. L. 755, provides:

"In the case of a debt due to the defendant . . . the same may be attached and levied in satisfaction of the judgment, in the manner allowed in the case of a foreign attachment."

Section thirty-eight provides:

"It shall be lawful for him [plaintiff] to have execution thereof as follows . . . If the property attached be . . . a debt due . . . execution shall be had in the manner allowed in the case of effects in the hands of a garnishee in a foreign attachment."

Plaintiff's counsel is somewhat disturbed by the fact that the mortgagor, Quigley, was a "strawman," and is now without property. We do not think this affects his status as a debtor to defendant. Quigley is bound by his bond, and his mortgagee, the defendant, has all the rights against Quigley that are given by both bond and mortgage. It may be that these rights are in fact reduced by Quigley's poverty to a claim upon the mortgaged premises, but they still exist against those premises so long as the bond remains unpaid. Whatever rights, defendant has against Quigley pass by the attachment to the plaintiff, among them all rights arising out of the mortgage.

In M'Call v. Lenox, 9 S. & R. 302, cited in Brice's Appeal, 95 Pa. 145, 150, Tilghman, C. J., says:

"An assignment of the debt, carries with it the benefit of the mortgage, although the mortgage be not specifically assigned. From the moment the debt is assigned, the mortgagee becomes the trustee of the assignee."

In Johnson v. Hart, 3 Johns. Cas. 322, 330, Kent, J., held:

When the note, to secure which the mortgage was given, was negotiated, "the interest in the mortgage, which was given for no other purpose but to secure that note, passed of course. It required no writing, no assignment on the back of the mortgage. . . . Whoever was owner of the debt, was likewise owner of the security."

In Rickert et al. *v.* Madeira, 1 Rawle 325, 328, Rogers, J., said: "Whatever will give the money secured by the mortgage, will carry the mortgaged premises along with it." See, also, Brice's Appeal, 95 Pa. 145, and Moore *v.* Cornell, 68 Pa. 320.

It is true that in the absence of a statute the estate of a mortgagee in real property, before foreclosure, is not subject to sale on execution: 23 C. J. 349, Sec. 92.

But there is a statute, the Act of 1836, under which, as we have shown above, a mortgage can be attached by virtue of a levy against the debt for which the mortgage is security. Of course a mortgage, *apart from the debt*, is so intangible that it alone cannot be levied upon: Missouri Real Estate and Loan Co. *v.* Gibson et al., 282 Mo. 75, 220 S. W. 675. It is true, also, that it was held in Rickert et al. *v.* Madeira, 1 Rawle 325, that a mortgage debt cannot be taken in execution. But this case was decided in 1829, i. e., before the passage of the Act of 1836; and as was said in Reed *v.* Penrose's Exec'x, supra, it was to meet this inequitable rule that the Act of 1836 was passed. It is also to be observed that plaintiff does not seek by his attachment to attach directly any interest in the land which the mortgagee may hold, but only the debt on the bond with such right to security, as to principal and interest, as is carried by the mortgage.

We are, therefore, of opinion that plaintiff's bill is well pleaded, and that the preliminary objections to it must be dismissed.