### TOWER GROVE BANK & TRUST CO. v. WEINSTEIN et al.

### In re HALLENBERG–WAGNER MOTOR CO.

### No. 11866.

Circuit Court of Appeals, Eighth Circuit.

April 26, 1941.

J. Terrell Vaughan, of St. Louis, Mo. (W. Donald Dubail and Dubail, Judge &

---

Winter, all of St. Louis, Mo., on the brief), for appellant.

Charles P. Williams, of St. Louis, Mo., for appellees George C. Hitchcock et al.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the Tower Grove Bank and Trust Company from an order of the district court confirming an order of the referee in bankruptcy in the matter of Hallenberg-Wagner Motor Company, bankrupt.

The Hallenberg-Wagner Motor Company was adjudicated bankrupt in a voluntary proceeding January 20, 1937. On that date the bankrupt owned a parcel of real estate in St. Louis, Missouri, on which the Trustees of the Missouri Botanical Garden held a first mortgage in the form of a trust deed securing a note for $21,000 due September 25, 1936, and in default as to principal and interest after that date. At the same time taxes on the mortgaged property were in arrears for the years 1935 and 1936.

At the time of the adjudication the same real estate was also encumbered by a second mortgage in the form of a trust deed securing a note for $15,000, which note and trust deed were held by appellant as collateral to a note of the bankrupt for $3,400 due January 14, 1937. The collateral note was past due.

The mortgaged real estate at that time was unoccupied and the trustee took possession of it.

On April 5, 1937, the appellant filed a petition with the referee for leave to sell at public sale the collateral note and mortgage. This petition was amended on June 1, 1937.

On June 24, 1937, the holder of the first mortgage applied for an order authorizing it to foreclose and sell under its trust deed.

On October 22, 1937, the referee denied the right of appellant to sell its collateral but established in lieu thereof an equitable lien upon the mortgaged property in favor of appellant for $3,464.47, the amount then due on its note, subject to general and special taxes due and to the first deed of trust, and decreed that appellant was the owner of the second deed of trust. There was no appeal from this order and it became final. 5 Remington, on Bankruptcy, §§ 2313, 2314.

On November 5, 1937, appellant applied for leave to foreclose its second deed of trust.

While the applications of the holders of both the first and second deeds of trust for leave to foreclose were pending the trustee, on November 17, 1937, filed an application for leave to enter into a lease of the mortgaged property. The application was granted and a two-year lease was entered into with one Haupt at an annual rental of $4,200. The tenant occupied the premises only until about June 1, 1938, and paid to the trustee as rental during that period the sum of $2,958.53. This sum less the trustee's expenses incident to its administration is the fund in controversy.

On February 1, 1938, the referee denied without prejudice the petition of the holder of the first mortgage to foreclose; and on May 22, 1938, the holder of the first mortgage filed a second petition for leave to foreclose, which was granted on June 17, 1938, and the property was sold at foreclosure on August 20, 1938, and purchased by the first mortgagee for $20,000, leaving a deficiency of $4,299.57. On October 6, 1938, appellant withdrew its petition for leave to foreclose its second deed of trust. On November 30, 1938, the purchaser at foreclosure paid the 1937 taxes on the mortgaged premises in the sum of $1,168.93.

On October 14, 1938, appellant filed a petition with the referee praying for an order directing the trustee to pay to it the net rentals derived from the lease on the mortgaged property to be applied in satisfaction of its lien and second deed of trust. On October 27, 1938, the holder of the first deed of trust filed a similar petition praying that the trustee be required to surrender the rentals to it. The trustee resisted both petitions and claimed the rentals for the estate.

After a hearing upon both petitions the referee found that neither petitioner had taken any steps to foreclose its trust deed prior to the adjudication in bankruptcy; that no demand had been made upon the trustee prior to foreclosure sale by either mortgagee for the rents and profits of the mortgaged property, and no application was made to the court for an order segregating or impounding the rents or directing their payment on the mortgage debts; and that the rents collected by the trustee prior to the foreclosure are assets of the bankrupt estate and that the holders of the mortgages are not entitled to the rents so collected.

The deeds of trust are not set out in the record; but the referee found that the first mortgage conveyed the property "with all improvements, rents, issues, profits, leases and appurtenances thereto belonging or appertaining", whereas the second mortgage "did not cover the rents and profits of the mortgaged premises."

The referee held that the taxes payable in 1937 while the property was leased by the trustee were properly payable out of the rents, and that the holder of the first deed of trust was entitled to reimbursement for the sum of $1,168.93 paid on account of such taxes.

The order denied both petitions and ordered the trustee to pay to the holder of the first trust deed the sum of $1,168.93, the amount of the taxes for 1937. The holder of the first mortgage acquiesced in the order and did not petition for review.

The appellant petitioned the court for review of the order of the referee. The petition was denied, and this appeal followed.

To secure a reversal of the orders appellant contends (1) that rents collected after adjudication in bankruptcy and before foreclosure belong to the mortgagee rather than to general creditors, and (2) that the court erred in reimbursing the holder of the first mortgage for the 1937 taxes paid after the foreclosure sale. Appellant is not prejudiced by the payment of the 1937 taxes out of the rents, unless it prevails upon its first claim.

In support of its first contention appellant relies upon the decisions of the third and seventh circuit courts of appeals. In re Torchia, 3 Cir., 188 F. 207; Bindseil v. Liberty Trust Co., 3 Cir., 248 F. 112; Associated Co. v. Greenhut, 3 Cir., 66 F.2d 428, 429; Central Hanover Bank & Trust Co. v. Philadelphia & Reading Coal & Iron Co., 3 Cir., 99 F.2d 642, 645; In re Wakey, 7 Cir., 50 F.2d 869, 75 A.L.R. 1521. These cases do by the application of equitable principles sustain appellant's proposition; but they have not been followed in the second and ninth circuits, nor by this court. In re Brose, 2 Cir., 254 F. 664; In re McCrory Stores Corporation, 2 Cir., 73 F.2d 270; Prudential Ins. Co. of America v. Liberdar Holding Corporation, 2 Cir., 74 F.2d 50; In re Humeston, 2 Cir., 83 F.2d 187; In re Hotel St. James Co., 9 Cir., 65 F.2d 82; American Trust Co. v. England et al., 9 Cir., 84 F.2d 352, 357.

■ In this circuit the law is settled that the construction of mortgages is governed by local state law. Atlantic Trust Co. v. Dana, 8 Cir., 128 F. 209, 220; First Savings Bank & Trust Co. v. Stuppi, 8 Cir., 2 F.2d 822, 825; Mortgage Loan Co. et al. v. Livingston, 8 Cir., 45 F.2d 28, 31. The mortgage, or deed of trust, of the appellant is a Missouri contract. It contains no pledge of the rents, and appellant at no time prior to the foreclosure of the first mortgage took any steps to establish a lien upon the rents by foreclosure, by seeking a receiver to impound them, nor by demanding that they be sequestered by the trustee.

In Missouri the nature and effect of a mortgage is well settled by the decisions of its courts. In the case of Missouri Real Estate & Loan Co. v. Gibson, 282 Mo. 75, 220 S.W. 675, 676, the Supreme Court said: "Notwithstanding a few attributes that still inhere in it as a result of its common-law origin, a mortgage, or deed of trust in the nature of a mortgage, given on land to secure the payment of a debt, is now regarded in this state as being, in its last analysis, a lien and nothing more. * * * So viewed, it is neither an estate in land, nor a right to any beneficial interest therein. It is neither jus in re nor jus ad rem. It is merely the right to have the debt, if not otherwise paid, satisfied out of the land."

■■ In Grafeman Dairy Co. v. Mercantile Club, Mo.Sup., 241 S.W. 923, 927, the Supreme Court of Missouri said, "the rents and profits of land are incident to the possession; they belong to the person in rightful possession by himself or tenants * * *; and, in the absence of a stipulation in the mortgage to the contrary, the mortgagor is owner to all the world, and is entitled to the rents and profits until the mortgagee enters into the actual possession, or takes some equivalent action." The court cited with approval the rule stated by the Supreme Court of the United States in Freedman's Saving & Trust Company v. Shepherd, 127 U.S. 494, 502, 8 S.Ct. 1250, 1254, 32 L.Ed. 163, wherein it said: "It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, even while the mortgagor remains in possession. But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits

of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf by a receiver. (Teal v. Walker, 111 U.S. 242, 4 S.Ct. 420 [28 L. Ed. 415]; Grant v. [Phoenix Life] Ins. Co., 121 U.S. [105] 117, 7 S.Ct. 841 [30 L.Ed. 905]); or until, in proper form, he demands, and is refused, possession (Dow v. [Memphis] Railroad Co., 124 U.S. 652, 654 [8 S.Ct.] 673 [31 L.Ed. 565])."

The rule thus established in Missouri was followed by this court in the case of First Savings Bank & Trust Co. v. Stuppi, supra, in a proceeding in bankruptcy. In that case the mortgage pledged the rents, and the mortgagee contended that the provision was binding in bankruptcy. As to this contention the court said [2 F.2d 826]: "* * * it is enough to say, first, that, even though the appellant might have a mortgage upon the rents and profits and the right to demand possession and to enforce that demand by legal proceedings, yet, until he was successful in obtaining such possession he could not claim the rents and profits, * * *; second, that there was never any actual possession taken by appellant; and, third, that there were no legal steps taken to obtain possession under this clause."

The case of Mortgage Loan Co. v. Livingston, supra, grew out of the claim of a mortgagee for rents collected by the receiver in bankruptcy accruing after adjudication of the mortgagor. The mortgage was a Missouri contract; and while the mortgagee prevailed because his mortgage pledged the rents and he had begun foreclosure proceedings before bankruptcy, and upon the appointment of a receiver had made proper demand, yet the court adhered to the rule stated above.

We hold that appellant was not entitled to the rents collected by the trustee after adjudication and before foreclosure sale of the mortgaged premises by the holder of the first mortgage because (1) its mortgage contained no provision pledging the rents and profits, (2) it at no time had possession of the mortgaged premises, and (3) it took no steps to impress a lien upon the rents by way of applying for a receiver, by application to the court of bankruptcy or by demand upon the trustee until after the rents had been collected and the premises sold.

The order appealed from is accordingly affirmed.