PARK NAT. BANK OF KANSAS CITY v. TRAVELERS INDEMNITY CO.

No. 5771.

United States District Court
W. D. Missouri, W. D.

May 10, 1950.

Charles E. Whittaker, Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., for plaintiff.

Alvin C. Trippe, Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action on a Performance Bond executed by the defendant as surety on September 30, 1946. The plaintiff has sued, not as an obligee on said bond, but as a "successor" of the owner of property located at 4501 Lloyd Avenue in Kansas City, Wyandotte County, Kansas.

The circumstances are substantially as follows: One Roebrt K. Berkus, Jr., and Mary K. Berkus, his wife, contemplated the purchase of the property as above described, namely 4501 Lloyd Avenue in Kansas City, Wyandotte County, Kansas. It was desired to construct a residence on said property, which appears to have been a vacant lot at the time. For the erection of such residence the said Berkus and his wife contracted with Kansas City General Contracting Company at the date mentioned, namely, September 30, 1946. The obligations of the contract were such that, in accordance with the drawings and specifications of an architect, the contracting company agreed to construct a dwelling "on owner's property at 4501 Lloyd Avenue, Kansas City, Kansas," for the price of $9,000.00.

It was specifically provided in the contract by the last paragraph thereof as follows: "No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner."

Pursuant to the execution of the Performance Bond, the obligee did, on October 22, 1946, for a valuable consideration, obtain title to the property mentioned in the pleadings and in the bond, and then on the next day, to-wit, October 23, 1946, the obligee executed a mortgage to the plaintiff to secure a mortgage note in the sum of $7,000.00 concurrently dated. This note was to draw 4½% interest per annum, and it was specifically provided that: " * * * principal and interest to be paid at the office of The Park National Bank of Kansas City, in Kansas City, Missouri, or at such other place as the holder of the note may designate in writing, in monthly installments of Forty-four and 31/100........ Dollars ($44.31), commencing on the first day of April, 1947, and on the first day of each month thereafter, until the principal and interest are fully paid, etc."

When this mortgage was given the plaintiff was apprized of the arrangements made with the contracting company and the fact of a Performance Bond, and agreed to disburse the $7,000.00 loan to the obligee in conformity with the Performance Bond and the specifications upon which the contractor had agreed to do his work. These specifications called for installment payments of $2,250.00 at certain stages of the construction work until the sum of $6,750.00 had been paid. The plaintiff agreed to make distribution of the amount loaned in conformity with the contractor's arrangement with the mortgagors. And this was done.

The contractor defaulted on the bond after the bank had disbursed said sum of $6,750.00 to the contractor. The mortgagors defaulted in their payments to the bank, whereupon an action to foreclose the mortgage was instituted in the District Court of Wyandotte County, Kansas, against the mortgagors. And, on July 29, 1948, the bank, as plaintiff, obtained a decree of foreclosure. Subsequently, according to the evidence, the bank bought in the property at the foreclosure sale and later disposed of it for a sum of money far below the amount of its mortgage. In the meantime, however, namely, on February 20, 1948, the surety obtained a Release of its liability from the obligee, Robert K. Berkus, Jr. For such release it paid $2,000.00. However, this consideration was for its Release from a Labor and Material Payment Bond as well as the Performance Bond which forms the basis of this suit.

As above stated, it is claimed by the plaintiff that it is a successor of the obligee within the purview of the Bond.

1. It is to be noted that the Bond by its express terms limits or restricts the right of action on the bond to all persons or corporations except "the Owner named herein or the heirs, executors, administrators or successors of Owner." This limitation is significant for the reason that: "The word 'successor' is an apt and appropriate term to designate one to whom property descends, and in association with the words 'heirs, administrators, and assignees,' plainly imports a devolution or charge upon the obligor's estate. American Surety Co. v. McDermott, 5 Misc. 298, 25 N.Y.S. 467, 468." 40 Words and Phrases, Perm.Ed., p. 546.

And, "According to all the lexicographers, a 'successor' is merely one who succeeds or takes the place of another." 40 Words and Phrases, Perm.Ed., p. 546.

2. A mortgage, according to the law of practically all of the states, and particularly by the laws of Missouri, "is regarded as nothing more than a mere lien, encumbrance, or security for a debt, and passes no title or estate to the mortgagee, and gives him no right or claim to the possession of the property * * *. The mortgage is not necessarily a grant or sale of the property, and the mortgagor is the real owner, and holder of the legal title, of the mortgaged property unless otherwise specifically provided." 59 C.J.S., Mortgages, § 1, pp. 24, 25 and 26.

As was said by the St. Louis Court of Appeals in Klika v. Wenzlick Real Estate Co., 150 S.W.2d 18, loc. cit. 24: "* * * a mortgage or deed of trust in the nature of a mortgage, given on land to secure the payment of a debt, is now regarded in this State as being in its last analysis a lien and nothing more. Dickerson v. Bridges, 147 Mo. 235, 244, 48 S.W. 825; Missouri Real Estate & Loan Co. v. Gibson, 282 Mo. 75, 220 S.W. 675, 676."

3. With the foregoing as postulates, it may now be determined whether the plaintiff's relationship to the defendant was such as contended and that it, in consequence, is entitled to maintain this action. When stripped of all verbiage, plaintiff's only relationship to the transaction was as mortgagee of the property which became the subject matter of the bond. Its interest did not extend beyond the terms of its mortgage, and its proceeding to foreclose the mortgage was, of course, an adversary proceeding toward the obligee of the bond. It could not become in any sense of the word a successor of the owner within the meaning of the bond. The word "Successor" there was associated with the words, "heirs, executors and administrators" and as heretofore indicated imported a devolution or charge upon the obligee's estate.

4. It is a fundamental principle of law that "a person has the right to determine who shall be his debtor or obligor, or the other contracting party and it is not permissible to thrust another on such person without his consent." 17 C.J.S., Contracts, § 346, p. 803.

5. There was no privity of contract between the plaintiff and the defendant. There was a friendly arrangement whereby the bank undertook to disburse the proceeds of the loan in accordance with the drawings and specifications of a residence

278

to be erected by the contractor. And, furthermore, there was some discussion as to whether the bank was in fact an obligee under the bond. There was evidence that the Attorney in Fact for the defendant had indicated the bond was an obligation to the plaintiff as well as to the owner. While this was disputed by the Attorney in Fact, nevertheless it would not be within the power of the parties to place an interpretation upon the contract which was clear and unambiguous in its terms. They could not vary the terms of a written contract by interpretation where there was nothing doubtful as to the meaning of the contract.

In view of the above, the plaintiff should be denied recovery and judgment should be for the defendant. It will be so ordered.