Francis M. DYSART, Claimant-Respondent,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Defendant-Appellant.

No. 8144.

Springfield Court of Appeals. Missouri.

Oct. 3, 1962.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 29, 1962.

Thomas F. Eagleton, Atty. Gen., Moody Mansur, Asst. Atty. Gen., Jefferson City, for appellant.

Meredith B. Turner, Stewart, Reid & Turner, Springfield, for respondent.

McDOWELL, Judge.

This appeal is from a judgment of the Circuit Court of Greene County, Missouri, reversing the decision and order of the State Department of Public Health and Welfare removing claimant from the old age assistance rolls August 14, 1961. The Director made the following statement of the case:

"Claimant was removed from the Old Age Assistance rolls on August 14, 1961, on the basis that he had made a transfer of property without receiving fair and valuable consideration. From this decision he duly perfected this appeal, and a hearing was held before a Referee on October 4, 1961. Claimant appeared in person, and he was represented by his Attorney, Mr. Jerry B. Buxton.

"Based upon the entire record and evidence in this case, the Director of the Department of Public Health and Welfare makes the following:

### Findings of Fact.

"Claimant owns the property in which he lives, located at 921 Chicago Avenue, Springfield, Greene County, Missouri. Claimant has owned the above-located property for several years and in January 1961, owed approximately $800.00 on it. During January 1961, claimant increased the loan on his property by borrowing an additional $1,000.00. The payments on the old loan had been $15.00 per month. On the increased loan they are $35.00 per month. This additional sum of money was secured by Mr. Dysart at the request of his former daughter-in-law so that she could purchase a home for her and her children. Both claimant and Martha Dysart, the former daughter-in-law, signed the note for the new loan. Martha Dysart has paid the additional $20.00 payment at all times, and since claimant's case was closed has paid the entire payment on the loan. Claimant turned over to Martha Dysart the entire $1,000.00 without receiving any consideration. It is found that claimant in January 1961, transferred the sum of $1,000.00 to his former daughter-in-law, Martha Dysart, without receiving fair and valuable consideration of approximately equal value at the time and is, therefore, ineligible for Old Age Assistance benefits at this time.

"*DECISION:* Section 208.010, Vernon's Annotated Missouri Statutes, provides, in part, that public assistance benefits shall not be paid to any claimant who has made, or whose spouse with whom he is living has made, an assignment, conveyance or transfer of real or personal property or any interest therein of any value within five (5) years preceding the date of the investigation without receiving a fair and valuable consideration. It further provides that fair and valuable consideration means money or real or personal property received at the time of the transfer equal to the market value of the property transferred, and shall not include support, services, or other advancements made by a relative to a claimant. Any claimant who has made, or whose spouse with whom he is living has made, such assignment, conveyance or transfer shall be ineligible to receive benefits for the number of months within five years from date of transfer as the market value of the property as determined by the Division of Welfare is divisible by the average monthly grant paid in the state at the time of the investigation to an individual under the program for which benefits are claimed. .

"After a careful review of the evidence submitted, it is found that claimant transferred the sum of $1,000.00 in January, 1961, without receiving fair and valuable consideration of approximately equal value at the time, and, therefore, he is ineligible to receive Old Age Assistance benefits at this time."

From this decision and order Francis M. Dysart, claimant, appealed.

On February 16, 1962, the appeal from the old age assistance claim was heard by the trial court, the transcript examined, cause argued, reversed and remanded. The trial court found that the decision and order of the Director of the State Department of Public Health and Welfare of November 15, 1961, declaring claimant ineligible to receive old age assistance was arbitrary and unreasonable; that there was no substantial evidence on the record to sustain the director's determination and that such determination was not based on fact or law, for the reason that the transaction which gave rise to the denial of old age assistance was not a transfer of real or personal property, without receiving fair and valuable consideration for said property, within the meaning of § 208.010 RSMo 1959, as amended, and that "this cause is hereby remanded to the State Department of Public Health and Welfare for redetermination of this issue in conformity with the judgment of this court."

On May 11, 1962, the cause was appealed to this court.

The record testimony shows that Martha Dysart, daughter-in-law of Francis M. Dysart, was the widow of claimant's son. Claimant testified;

"Q. Is there a loan against your property there on Chicago Avenue? A. Yes, sir. I don't know just what it amounted to. About $800.00 at that time, didn't it?

"Q. You say, at that time. I believe you told me in January of this year that you increased the loan? A. Yes.

"Q. Would you tell us, please, for what purpose you increased the loan? A. Well, my daughter-in-law needed the money, and come to me and asked me would I let the place stand good for it, and I went to ;Wyeatt, and he said 'Yes, I'll be glad to loan it.' (Mr. Wyeatt is with the United Savings and Loan Association.)

"Q. Was there a note and mortgage signed, a new mortgage signed, when this loan was made? A. Yes, sir.

"Q. Did you sign the mortgage? A. Yes, sir, I signed the mortgage.

"Q. And did you also sign the note? A. Yes.

"Q. Did someone other than yourself sign the note? A. My daughter-in-law did.

"Q. Is your son, who was formerly married to Martha Dysart, deceased at this time? A. Yes, he has been for eight years.

"Q. Do you know of your own knowledge whether Martha Dysart has children of this marriage? A. She has got two of my son's. * * * She has got three others."

The evidence is undisputed that it was the agreement between Martha Dysart and her father-in-law, claimant, that she needed $1,000.00 to purchase a home; that she did not have sufficient security to borrow the money and went to claimant and asked him to sign a note with her and increase the loan on his home to $2,000.00 so as to pay off the existing mortgage indebtedness of $895.00 to the loan company and allow Martha Dysart $1,000.00. Both parties signed the note and the loan was secured by a new mortgage for $2,000.00. We think the evidence is undisputed that Martha Dysart was to pay $20.00 monthly on the $1,-000.00 she received and claimant was to pay $15.00 monthly, the same as he was paying on his old indebtedness. In other words, the parties jointly borrowed $2,000.00 on

their joint note and claimant secured the loan on his home.

The evidence further shows that claimant and his daughter-in-law each paid their instalments until claimant was removed from the old age assistance rolls and could no longer pay and that since that time Martha Dysart has paid the entire $35.00, being the instalment on the $1,000.00 which was her part of the loan and $15.00 that was Dysart's part.

We do not agree with the contention and finding of the State Department of Public Health and Welfare that claimant ever turned over $1,000.00 of his money to Martha Dysart. The money she received was the part of the loan which was agreed upon before it was made. She pays the instalments on that money and is indebted on the note signed by her for the same. There is no substantial evidence to support the contention of the State Department of Public Health and Welfare that claimant was to receive all the money from the loan but the evidence is undisputed that he was to receive sufficient money to pay off the existing indebtedness against his home at that time. Undoubtedly, there can be no dispute that claimant was merely loaning his security to his deceased son's wife to enable her to buy a home.

Appellant makes two assignments of error. First, that the Circuit Court erred in remanding the proceedings to the Director of the Department of Public Health and Welfare for redetermination on the basis that the decision of the Director was arbitrary and unreasonable.

Secondly, that the court erred in holding that respondent did not make an assignment or transfer of property or an interest therein when he executed a mortgage or deed of trust against his property without him receiving the money that was borrowed.

In our decision it first becomes necessary to determine whether or not claimant's execution of a deed of trust against his property to secure a loan made to him and his daughter-in-law for $2,000.00 wherein she received $1,000.00 and the balance of the loan was used to pay off claimant's indebtedness renders claimant ineligible for old age assistance under Section 208.010 RSMo 1959 V.A.M.S. as amended.

Section 208.010 [2] reads: "Benefits shall not be payable to any claimant who:

"(1) (a) Has made, or whose spouse with whom he is living has made, an assignment, conveyance or transfer of real or personal property or any interest therein of any value within five years preceding the date of the investigation without receiving fair and valuable consideration for said property. The date of recording or filing of any instrument affecting property that is assigned, conveyed or transferred by written instrument shall be considered as the date such assignment, conveyance or transfer occurred. 'Fair and valuable consideration' as used herein means money or real or personal property received at the time of the transaction approximately equal to the market value of the property assigned, conveyed or transferred, * * *"

■ On appeal from the action of Director of State Department of Public Health and Welfare denying old age assistance, reviewing court must consider only evidence most favorable to findings and order and whether reviewing court. might have, upon consideration of evidence de novo reached other conclusions is not determinative. That the circuit court might have, or that the appellate court, upon consideration of the record de novo, could reach the opposite conclusion from that reached by the director is neither of consequence upon, nor determinative of this appeal. Brattin v. State Social Security Commission, Mo.App., 194 S.W.2d 536; Morton v. State Social Security Commission, Mo.App., 205 S.W.2d 272; Collins v. Division of Welfare, 364 Mo. 1032, 270 S.W.2d 817, 820 [4]; Ellis v. State Department of Public Health & Welfare, 365 Mo. 614, 285 S.W.2d 634.

In the Collins case, supra, 270 S.W.2d at page 820 [5, 6] the Supreme Court stated:

"In considering whether there is any substantial evidence of record to support the Director's findings and order, an appellate court as a matter of law passes only upon the matters of substance. Questions concerning credibility of witnesses or the weight of the evidence are not before us upon this appeal. 'Substantial evidence' is evidence which, if true, has probative force upon the issues, i. e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced. State v. Miller, Mo.Sup., 202 S.W.2d 887, 889; Berkemeier v. Reller, 317 Mo. 614, 296 S.W. 739, 752; State v. Gregory, 339 Mo. 133, 96 S.W.2d 47, 51, 52."

"* * * But if the Director's findings are contrary to the determinative undisputed facts, and are therefore arbitrary and unreasonable we must so find, and reverse the judgment." Collins v. Division of Welfare, supra, 270 S.W.2d at page 819 [2]. (See authorities cited).

The order and decision of the Director is based upon grounds that claimant transferred to his daughter-in-law $1,000.00 without receiving fair and valuable consideration of approximate equal value at the time. Nowhere does the Director of State Department of Public Health and Welfare base its decision upon the giving of the deed of trust to secure the loan in question.

In Nichols v. State Social Security Commission of Missouri, 349 Mo. 1148, 164 S.W. 2d 278, 279 [2, 3] the law is declared that in proceeding for old age assistance, "Whenever the facts present a situation calling for the application of a specific provision of the law, it would be better and we think in accord with the legislative intent for the Commission, a statutory body, to so word the award as to remove all doubt of the ground or grounds upon which it is entered that it may be intelligently reviewed by the courts".

We find from the evidence under appellant's first assignment of error that there was not substantial evidence to support the order and decision of the State Department of Public Health and Welfare that claimant transferred $1,000.00 to his daughter-in-law without receiving fair and valuable consideration of approximate equal value at the time.

Under this alleged error, appellant, in its argument on pages 24 and 25 of its brief, stated: "The facts surrounding this transaction are fairly simple and not disputed. Respondent lives in property he owns located at 921 Chicago Avenue, Springfield, Missouri. In January, 1961, there was a mortgage or deed of trust against this property amounting to Eight Hundred Ninety-Five Dollars with monthly payments of Fifteen Dollars per month being made by respondent. Respondent testified his daughter-in-law Martha Dysart needed some money to purchase a house. He went to the United Savings and Loan Association to see about a loan and they agreed to make the loan. A new promissory note for Two Thousand Dollars was signed by him and his daughter-in-law and a new mortgage or deed of trust was executed to the United Savings and Loan Association. Respondent did not receive any of the money that was borrowed on the new loan. His daughter-in-law received One Thousand Dollars. The payments on the loan were increased to Thirty-Five Dollars per month. There was an understanding of some kind between respondent and his daughter-in-law that she would pay Twenty Dollars each month and he would pay Fifteen Dollars each month on the loan. She has been making the payments of Thirty-Five Dollars per month since May, 1961, when Respondent's old age assistance payment was terminated."

■ This argument concedes that claimant did not receive the $1,000.00 in question, and, therefore, the judgment of the State Department of Public Health and Welfare is not sustained by the facts or substantial evidence and the trial court was justified in finding that the order and decision was arbitrary and unreasonable.

Under appellant's second alleged error it contends that the trial court erred in holding that claimant did not make an assignment or transfer of property or an interest therein when he executed a mortgage or deed of trust against his property without him receiving the money that was borrowed.

We hold there is no basis for this alleged error for the reason that the order and decision of the State Department of Public Health and Welfare was not based upon the transfer of property by the execution of the mortgage or deed of trust to secure the $2,000.00 loan. Under the law cited the decision and order should be so worded as to remove all doubt of the grounds upon which it is entered that it may be intelligently reviewed by the court.

■ In reviewing an old age assistance award courts determine only whether a fair hearing has been granted applicant and whether the decision of the Director was arbitrary and unreasonable. Davis v. State Department of Public Health & Welfare, Mo.App., 274 S.W.2d 615.

There is no dispute as to whether the hearing was fair. The only issue involved is whether the decision of the Director was arbitrary and unreasonable.

While we have found that there is no merit in applicant's second contention that claimant made himself ineligible for old age assistance by giving a mortgage to secure $2,000.00 to the United Savings and Loan Association because the Director did not make this conveyance a basis for its decision, yet, we think under the law there is no merit to this contention under the facts and the law as declared by the courts of Missouri.

In Kline v. McElroy, Mo.App., 296 S.W. 2d 664, 665[1, 2], Judge Cave, speaking for the Kansas City Court of Appeals, stated: "The judgment does not involve the title to real estate, as a mortgage is a mere lien on real estate."

In Park National Bank of Kansas City v. Travelers Indemnity Co., D.C., 90 F.Supp. 275, 277[1] the court stated: "A mortgage, according to the law of practically all of the states, and particularly by the laws of Missouri, 'is regarded as nothing more than a mere lien, encumbrance, or security for a debt, and passes no title or estate to the mortgagee, and gives him no right or claim to the possession of the property * * *. The mortgage is not necessarily a grant or sale of the property, and the mortgagor is the real owner, and holder of the legal title, of the mortgaged property unless otherwise specifically provided.' 59 C.J.S. Mortgages, § 1, pp. 24, 25 and 26.

"As was said by the St. Louis Court of Appeals in Klika v. Albert Wenzlick Real Estate Co., 150 S.W.2d 18, loc. cit. 24: '* * * a mortgage or deed of trust in the nature of a mortgage, given on land to secure the payment of a debt, is now regarded in this State as being in its last analysis a lien and nothing more. Dickerson v. Bridges, 147 Mo. 235, 244, 48 S.W. 825; Missouri Real Estate & Loan Co. v. Gibson, 282 Mo. 75, 220 S.W. 675, 676.' "

In Tower Grove Bank & Trust Co. v. Weinstein, 8 Cir., 119 F.2d 120, 122 [1], the law is stated: "In Missouri the nature and effect of a mortgage is well settled by the decisions of its courts. In the case of Missouri Real Estate & Loan Co. v. Gibson, 282 Mo. 75, 220 S.W. 675, 676, the Supreme Court said: 'Notwithstanding a few attributes that still inhere in it as a result of its common-law origin, a mortgage, or deed of trust in the nature of a mortgage, given on land to secure the payment of a debt, is now regarded in this state as being, in its last analysis, a lien and nothing more.

* * * So viewed, it is neither an estate in land, nor a right to any beneficial interest therein. It is neither jus in re nor jus ad rem. It is merely the right to have the debt, if not otherwise paid, satisfied out of the land.' "

Under Liens, 53 C.J.S. p. 828, § 1, the law is stated:

"*Mortgage.* The term 'lien' is somewhat analogous to the term 'mortgage,' and in everyday use includes mortgage; and, when they are used in the same connection, in a statute or instrument, they serve to explain each other's meaning. A lien in the nature of a mortgage is a mortgage itself."

On page 829, § 1(b), it is stated: "* * * It is said that a lien is not an interest in a thing; and does not constitute a right of action for the property, but rather constitutes a charge or security on the property, whether it is legal or equitable."

Under Liens, 33 Am.Jur. p. 419, § 2, the law is stated:

"In its most general significance, a lien is a charge upon property for the payment or discharge of a debt or duty. It is a qualified right, a proprietary interest, which, in a given case, may be exercised over the property of another. It is a right which the law gives to have a debt satisfied out of a particular thing. However, it confers no general right of property or title upon the holder; on the contrary, it necessarily supposes the title to be in some other person." See Mortgages, 19 R.C.L. p. 311, § 88.

In Bankers Home Bldg. & Loan Ass'n v. Wyatt, 139 Tex. 173, 162 S.W.2d 694, 696 [5, 6] the law is stated: A lienholder does not have "title to the land. For some purposes and within the meaning of certain statutes, a lien is not classified as an interest in land. And although the word 'right'

is broad enough to embrace whatever may be lawfully claimed, it has been held in another state that a judgment lien is not a proprietary right in land, but is merely a right given the judgment lien creditor to levy on land of the judgment debtor for the purpose of satisfying the judgment to the exclusion of any right which may have accrued to others since the attachment of the lien."

Under the law we find from the authorities herein cited that the mortgage given by claimant as security for a joint loan from the United Savings and Loan Association conveyed no estate in the land but created and evidenced a lien thereon to secure the debt. Tower Grove Bank & Trust Co. v. Weinstein et al., 119 F.2d 120, 122. In 53 C.J.S. Liens § 1, p. 829 it is stated that "A lien is not an interest in a thing; and does not constitute a right of action for the property, but rather constitutes a charge or security on the property, whether it is legal or equitable." And in Bankers Home Bldg. & Loan Ass'n v. Wyatt, supra, the court stated: "A lienholder does not have title to the land. For some purposes and within the meaning of certain statutes, a lien is not classified as an interest in land." Therefore, we hold that the trial court was justified in finding that the transfer by claimant in giving a mortgage to secure the $2,000.00 note is not a violation of the statute relied upon by appellant. We have already stated that we think there is no substantial evidence that there was a transfer of $1,000.00 by claimant to his daughter-in-law. This fact was admitted, as we have quoted herein from the argument of appellant's counsel, so we find against appellant on its second alleged error.

Judgment affirmed.

RUARK, P. J., and STONE, J., concur.